IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD MAHTESIAN,

          Plaintiff,

v.

U.S. OFFICE OF PERSONNEL MANAGEMENT,

          Defendant.

NO. C 05-530 TEH

ORDER GRANTING MOTION TO DISMISS

      This matter comes before the Court on Defendant's Motion to Dismiss the complaint pursuant to Federal Rules of Civil Procedures 12(b)(1) and (6). Having carefully considered the parties' oral and written arguments, and the record herein, the Court agrees that Plaintiff lacks standing to pursue this action, and thus Defendant's motion to dismiss shall be granted for the reasons set forth below.

I. BACKGROUND

On March 31, 2003, Barbara M. Rizzo, an attorney, submitted a request for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. section 552 *et seq.* to Defendant, the United States Office of Personnel Management ("OPM"). The request stated that Ms. Rizzo was representing a "client," but did not identify the client.[1] OPM granted the request in part, and denied it in part, on the ground that certain of the materials, or parts thereof, were exempt from disclosure under the FOIA.

Thereafter, the "client" – now disclosed to be Plaintiff Ronald Mahtesian – filed this action under the FOIA seeking an order requiring OPM to produce the withheld documents, namely materials relating to background investigations, security clearances, and employee suitability determinations. In response, OPM filed this instant motion to dismiss on the ground that Mahtesian lacks standing to sue OPM under the FOIA because Mahtesian's name does not appear in the underlying FOIA request or appeal. Instead, the underlying FOIA proceedings were all in the name of Barbara M. Rizzo, who is also Plaintiff's wife.[2] For the reasons discussed below, the Court finds that Defendant's motion has merit and that this action should be dismissed for lack of standing.

---

[1] Where, as here, the subject matter jurisdiction of the court is challenged under Fed. R. Civ. P. 12(b)(1), the court may consider evidence outside the complaint pertaining to this issue, and resolve factual disputes if necessary. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

[2] *See* Arbuckle Reply Decl., Ex. A. Plaintiff states that Ms. Rizzo made the FOIA request and kept his identity secret because Plaintiff was involved in very contentious litigation with the Department of Treasury and wanted to remain anonymous. *See* Mahtesian Decl. Ms. Rizzo is also representing Plaintiff in this other litigation.
Notably, on May 6, 2005, OPM offered to substitute Ms. Rizzo as the plaintiff in this action. Ms. Rizzo said she would think about it and reply but she did not respond to OPM as of the date OPM's reply was due (on May 12, 2005). *See* Arbuckle Reply Decl. at ¶ 2. Nor has the Court been informed that Ms. Rizzo subsequently accepted this offer. Accordingly, the Court concludes that Ms. Rizzo declined OPM's offer. In light of this offer, however, Mahtesian's arguments that a dismissal would be inequitable lose their force.

2

## II. DISCUSSION

FOIA confers jurisdiction upon the district court to enjoin agencies "from withholding agency records and to order the production of any agency records *improperly withheld from the complainant*." 5 U.S.C. § 552(a)(4)(B) (emphasis added). In this case, the only person identified in the FOIA request was Ms. Rizzo, and the correspondence from OPM denying the request and appeal are all directed to Ms. Rizzo, and state that "You [Ms. Rizzo] . . . [may] appeal this response." *See* Baker Decl. at Exs. A, C., Robbins Decl., Ex. B. Accordingly, Ms. Rizzo is the only *identified* "complainant." Plaintiff argues, however, that because Ms. Rizzo, in her initial request and in her appeal, stated that she was representing "a client," that the "client" – Ronald Mahtesian – should also have standing to bring this enforcement action.[3]

It is clear that any person who submits a FOIA request has standing to bring a FOIA challenge in federal court if the request is denied in whole or part. *See e.g. United States v. Richardson*, 418 U.S. 166, 204 (1974). Thus, there is no dispute that Ms. Rizzo could have properly brought this action. There is also no dispute that an attorney can submit a FOIA request on the express behalf of a *clearly identified* client, and the client will have standing to bring a FOIA action independently if the request is denied. The issue here, however, is whether a person or entity who is *undisclosed* in the FOIA request – or disclosed only as an anonymous "client" – has standing to sue under FOIA in federal court. While this question has not yet been addressed by the Ninth Circuit, every court that has considered the issue has held that the answer is no.

In *McDonnell v. United States*, 4 F.3d 1227 (3rd Cir. 1993), for example, the plaintiff's "interest was asserted" in the FOIA requests, and they also included a "passing reference" to his name. The Court concluded, however, that this did "not sufficiently identify

---

[3] The Court notes that while Ms. Rizzo made reference to representing "a client" in her initial FOIA request, her subsequent correspondence with OPM is inconsistent. While one such letter also references a "client," two others make no such reference at all, including a June 2, 2003 letter from Ms. Rizzo to OPM which simply refers to the "request that I made."

3

him with the person making the request to confer on him standing to challenge the denial of the request under FOIA." *Id*. at 1238 n.6.   The Court explained:

> We think a person whose name does not appear on a request for records has not made a formal request for documents within the meaning of the statute. Such a person, regardless of his or her personal interest in disclosure of the requested documents, has no right to receive either the documents, e.g., 32 C.F.R. § 701.7(c)(1)-(3) (1992), or notice of an agency decision to withhold the documents, see id. § 701.7(a); 5 U.S.C.A. § 552(a)(6)(A). . . . **Accordingly, a person like Rasmussen whose name does not appear on a FOIA request for records may not sue in district court when the agency refuses to release requested documents because he has not administratively asserted a right to receive them in the first place.**

*Id*. at 1236-37 (emphasis added).  *McDonnell* further noted that this conclusion was supported by the legislative history of FOIA, which reflected "Congress's intent to identify the person making the request with the person aggrieved when a request is denied." *Id.*

In *Unigard Ins. Co. v. Dep't. of Treasury*, 997 F. Supp. 1339 (S.D. Cal. 1997), the court faced a similar issue when a lawyer who represented Unigard made a FOIA request in his own name.  Unigard later filed suit to enforce the request under FOIA.  Following *McDonnell*, the court held that Unigard lacked standing.  " A person whose name does not appear on the request for disclosure lacks standing to sue under FOIA, even if his interest was asserted in the request." *Id.* at 1341.

Most recently, in *Three Forks Ranch Corporation v. Bureau of Land Management*, 358 F. Supp.2d 1 (D.D.C. 2005), the court held that a FOIA request by a lawyer representing Three Forks Ranch Corporation was not sufficient to confer standing on the corporation to sue under FOIA.  In that case, the lawyer had even identified the client by name, stating that "'[i]n order to help determine my status to assess fees, you should know that I am an attorney representing Three Forks Ranch Corp . . ." *Id*. at 2 (emphasis omitted).   The Court held that even this reference was not sufficient because the FOIA request did not also explicitly specify that the FOIA request was being made "on behalf of" Three Forks Ranch Corporation. *See also Burka v. United States Dep't. Of Health & Human Services*, 142 F.3d 1286, 1290-91 (D.C. Cir. 1998) (finding that undisclosed client could not be real party in interest in FOIA case, and

4

discussing dangers inherent in recognizing an "undisclosed" client as the real plaintiff)*;* *MAXXAM Inc. v. FDIC*, 1999 WL 33912624 at *2 (D.D.C. Jan. 29, 1999) (holding that only the person or entity whose name appears in the FOIA request is the "real party in interest," and thus has standing to bring subsequent FOIA enforcement action); *Lamb v. I.R.S.*, 871 F. Supp. 301, 303 (E.D. Mich. 1994) (finding that only husband had signed the FOIA requests; thus "he alone is the proper party to this suit" and wife must be dismissed.).

Plaintiff cites no cases that hold to the contrary or otherwise support the proposition that an *anonymous* "client" referenced in a FOIA request has standing to bring a FOIA challenge. Plaintiff's attempts to distinguish the authority discussed above is also unavailing. Plaintiff argues, for example, that *McDonnell* is inapposite because it concerned exhaustion of administrative remedies. This point ignores the fact that *McDonnell* addressed both administrative exhaustion *and* standing issues.

With respect to *Unigard,* Plaintiff emphasizes that the FOIA request in that case was made to a different agency (the Department of Treasury) whose regulations require that the "request for records shall be made in writing *by the person making the request*." *Unigard*, 997 F. Supp. at 1342 (citation omitted)(emphasis in original). In contrast, the OPM regulations governing this case simply state that "[a]ny person may ask for records." 5 C.F.R. Section 294.108. To the extent there is any substantive distinction between the two regulations, it is meaningless for purposes of this motion. A regulation governing the format of a FOIA request does not govern *standing* requirements to bring a FOIA enforcement action in federal court.

Plaintiff also argues that in *Unigard* the lawyer making the request did not even state that he was making the FOIA request on behalf of a client, whereas here, Ms. Rizzo stated in her FOIA request that she was representing "a client." However, the discussion in *Unigard* makes it clear that this is not an important distinction. The Court focused on the fact that the FOIA request failed to identify Unigard as a *specific* client, not just the failure to note that the request was made on behalf of some anonymous client. Indeed, the court conceded that the agency in fact *knew* that the requester represented *Unigard.* This fact, however, did not

5

overcome the failure to expressly specify that the request was being made on Unigard's behalf in order to confer standing on Unigard to sue in federal court. *Unigard*, 997 F. Supp. at 1342. In short, reference to an anonymous client in a FOIA request, can not, alone, confer standing on that client, any more than a reference to an anonymous person in a complaint could, by itself, confer standing on that person.

Plaintiff also makes the rather incredulous argument that "standing is irrelevant in a FOIA case." *See* Plaintiff's Opp. at 2. On the contrary, standing to sue is "an essential and unchanging part of the case or controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and it is the plaintiff's burden to establish in every case that she or he is "a proper party to invoke judicial resolution of the dispute." *United States v. Hayes*, 515 U.S. 737, 743 (1995). Plaintiff confuses the fact that FOIA provides that "any person" can seek records – without the need to show any particularized interest in those records – with constitutional standing requirements that govern who can bring an enforcement action in federal court. Indeed, as is clear from the cases discussed above, courts apply traditional standing doctrine to FOIA claims. *See e.g. Unigard,* 997 F. Supp. at 1341-42 (applying standing doctrine). Accordingly, the Court readily rejects Plaintiff's suggestion that Defendant's motion should be denied because "lack of standing is not a cognizable defense." *See* Plaintiff's Opp. at 2. Plaintiff's remaining arguments are equally meritless.

///
///
///
///
///
///

III. CONCLUSION

In light of the persuasive authority above, and good cause appearing, it is HEREBY ORDERED that Defendant's Motion to Dismiss for lack of standing is GRANTED. This

1  action shall be dismissed without prejudice.  The Clerk of Court is hereby instructed to close
2  the case.

5  IT IS SO ORDERED.

7  DATED  6/28/05                             /s/
                                      THELTON E. HENDERSON
8                                     UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California